**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EVERETT MALDONADO,

          Plaintiff,

    v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS *et al.*,

          Defendants.

Civil Action No. 19-1348 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants New Jersey Department of Corrections (the "DOC") and Lieutenant Clay McClain's ("Lt. McClain" and, together with the DOC, "Defendants") Motion for Summary Judgment. (ECF No. 59.) Plaintiff Everett Maldonado ("Plaintiff") did not oppose. The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Defendants' Motion for Summary Judgment.

**I.    BACKGROUND**

    Plaintiff is employed as a Senior Corrections Officer with the DOC and has served in that role since 2001. (Compl. ¶¶ 3, 7, ECF No. 1-3; Defendants' Statement of Undisputed Material

Facts, "DSUMF" ¶ 1, ECF No. 59-1.)[1] Since 2010, Plaintiff has served in a specialized unit of the DOC known as the Special Operations Group (the "SOG"). (Compl. ¶ 8; DSUMF ¶ 1.) In March 2015, Plaintiff's wife was in a motor vehicle accident which left her with numerous injuries. (*Id.* ¶¶ 10-11; DSUMF ¶¶ 2-3.) Plaintiff would periodically take time off from work to take care of his wife, using a combination of leave time consisting of sick, vacation, and administrative leave days. (DSUMF ¶ 3.) Given the sporadic nature of his time off requests, Plaintiff did not use leave time pursuant to the Family and Medical Leave Act ("FMLA"). (DSUMF ¶ 4.)

According to Plaintiff, the SOG did not post any notices of the formal requirements needed to apply for leave pursuant to the FMLA. (Compl. ¶ 15.) According to Plaintiff, when an officer within the SOG pursues FMLA leave, the standard procedure is for officers to text or talk with their sergeants to inform them of the leave date. (*Id.* ¶ 16.) Plaintiff alleges that he followed that procedure and informed his supervisors that he would need to take intermittent leave to care for his wife. (*Id.* ¶ 17.) Plaintiff utilized FMLA leave for his own tonsil surgery and recovery in September 2012. (DSUMF ¶ 5.) Ultimately, Plaintiff's salary was unaffected by the time he took off to care for his wife. (*Id.* ¶ 16.)

In 2016, Plaintiff was scheduled, along with other SOG employees, to provide active shooter training to employees of the Sussex County Sheriff's Department. (Compl. ¶ 21; DSUMF

---

[1] As discussed further below, Plaintiff did not respond to any of Defendants' factual representations and, therefore, the Court deems them undisputed for purposes of this Motion as per Local Civil Rule 56.1. *See* L. Civ. R. 56.1(a) (stating that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion"); *Bulboff v. King Aircraft Title, Inc.*, No. 19-18236, 2021 WL 1186822, at *1 (D.N.J. Mar. 30, 2021) (confirming that a party's failure to respond to each statement of material fact as either admitted or denied "entitles the Court to deem [those statements] undisputed").

¶ 7.) During the training, Plaintiff called out sick to care for his wife, and Lt. McClain, a lieutenant in the SOG, subsequently replaced Plaintiff. (DSUMF ¶¶ 8-9, 17, 19.) At that time, Lt. McClain did not know that Plaintiff's wife had been in a car accident. (*Id.* ¶ 18.) Thereafter, Plaintiff alleges that Lt. McClain barred Plaintiff for months from teaching any active shooter training courses and further alleges that he was kept out of all meetings relating to active shooter training and planning within the SOG. (Compl. ¶¶ 24-29.)

In 2017, Plaintiff volunteered, but was not selected, for the Puerto Rico Integrated Deployment Effort ("PRIDE"), a deployment mission to provide aid and assistance to Puerto Rico in response to Hurricane Maria. (*Id.* ¶¶ 32-36; DSUMF ¶¶ 13, 15.) Plaintiff claims that his familiarity with Puerto Rican culture, geography, and language made him especially valuable. (Compl. ¶¶ 37-38.) Despite these valuable skills, Plaintiff claims that Lt. McClain played a key role in the DOC's selection process and that, because of his input, Plaintiff was excluded from PRIDE. (*Id.* ¶¶ 39-40.) Instead, Plaintiff alleges that less qualified candidates who did not speak, read, or write Spanish were chosen for deployment. (*Id.*) As a result, Plaintiff alleges that "he lost extensive overtime pay." (*Id.* ¶ 41.)

Plaintiff now brings the instant Complaint, alleging two FMLA violations—Retaliation against Defendants (*Count I*) and Interference against the DOC (*Count II*); a Rehabilitation Act disability discrimination claim against the DOC (*Count III*); and a New Jersey Law Against Discrimination ("NJLAD") disability discrimination claim against Defendants (*Count IV*). (*Id.* at 7-8.) Defendants move for summary judgment and seek dismissal of the Complaint in its entirety. The Court notes that Plaintiff has failed to file any opposition papers, even after requesting the automatic clerk's extension to do so (ECF No. 61), and even after a subsequent Text Order from the Court directing Plaintiff to file his opposition by November 23, 2022 (ECF No. 62). Defendants' Motion is, accordingly, ripe for review.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a)[2] provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).[3] In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported

---

[2] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[3] As mentioned, Plaintiff did not respond to Defendants' Motion for Summary Judgment. "Where, as in the instant case, a summary judgment motion is unopposed, Rule 56(e)(3) still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law." *Hines v. Lanigan*, No. 17-2864, 2021 WL 4963252, at *1 (D.N.J. Oct. 26, 2021) (citation omitted).

allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

### III.   DISCUSSION

As a threshold matter, the Court finds that Plaintiff has failed to properly follow the relevant procedural rules in his filings. Rule 56(c)(1)(A) provides that any party asserting that a fact is or is not in dispute must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If a party fails to follow Rule 56(c), courts may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered

undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

> Local Civil Rule 56.1(a) supplements the Rules. It provides, in pertinent part:
>
>> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

*See* L. Civ. R. 56.1(a). "Merely stating in the opposition papers that the non-movant disputes in general many of the facts put forward by the movant, without identifying the facts disputed and without pointing to evidence in the record that raises [a dispute] of fact regarding that point, is insufficient to survive summary judgment." *Malik v. Hannah*, 799 F. Supp. 2d 355, 358 (D.N.J. 2011). Failure to comply with Local Civil Rule 56.1 is not fatal in and of itself. *See Boswell v. Eoon*, 452 F. App'x 107, 111-12 (3d Cir. 2011). Nonetheless, as previewed, courts may deem certain facts as undisputed where a party fails to make specific citations to evidence in the record. Fed. R. Civ. P. 56(e)(2).

Here, Plaintiff has failed to comply with both the federal rule and the local rule and, as such, fails to create a genuine dispute of material fact. In particular, Plaintiff has failed to file any opposition papers, including a responsive statement to DSUMF. The crux of Plaintiff's Complaint seems to be two-fold: (1) that after calling out sick one day in 2016, Plaintiff was impermissibly barred from being able to conduct future active shooter trainings because Lt. McClain was upset

6

that Plaintiff had requested leave (Compl. ¶¶ 21-29); and (2) that in 2017, despite his qualifications, Plaintiff was wrongly rejected from PRIDE similarly due to Lt. McClain's interference (*id.* ¶¶ 32-41). But Defendants state, with no opposition, that after calling out sick in 2016, Plaintiff continued in his position with the SOG and performed all of the position's associated duties, including providing active shooter trainings. (DSUMF ¶¶ 10-12.) Thus, Lt. McClain did not prohibit Plaintiff from conducting active shooter trainings. (*Id.* ¶ 20.) Moreover, Defendants state, with no opposition, that in 2017, "[Lt.] McClain had no input as to who was selected for the [PRIDE] detail"; "did not express any opinion as to who was to be selected"; and was not aware that Plaintiff "spoke Spanish or had any connections to Puerto Rico." (*Id.* ¶¶ 23-35.) Putting it all together, "Plaintiff did not dispute any of the material facts asserted by Defendants, and Defendants' [Local Civil Rule] 56.1 [s]tatement[s] [are] deemed undisputed for purposes of the summary judgment motion. Plaintiff has thus failed to raise any material factual dispute and has failed to defeat Defendants' motion for summary judgment." *Callahan v. U.S. Postal Serv.*, No. 13-3147, 2014 WL 2999066, at *2 (D.N.J. June 25, 2014); *see also Ballard v. AT&T Mobility, Inc.*, No. 15-8808, 2017 WL 3671313, at *8 n.37 (D.N.J. Aug. 25, 2017) (granting summary judgment in part where "[t]he lack of disputed facts [was] largely attributable to Plaintiff's failure to adhere to Local Civil Rule 56.1(a)").[4]

Even if this Court were to overlook Plaintiff's procedural failures and consider the evidence that has been submitted, the decision would be the same. Upon review of the entirety of Plaintiff's allegations pertaining to Defendants and considering them in the light most favorable to Plaintiff,

---

[4] The Court further considers any of Plaintiff's contentions to the contrary to be abandoned. *See Stankevicius v. Town of Harrison*, No. 18-9649, 2022 WL 3273872, at *4 n.6 (D.N.J. Aug. 10, 2022) ("Plaintiff failed to address these arguments in opposition [to motion for summary judgment], which constitutes abandonment.").

the Court finds them to be conclusory and insufficient to raise a material dispute of fact. *See FPM Fin. Servs., LLC v. Redline Prods., Ltd.*, No. 10-6118, 2013 WL 5288005, at *4 (D.N.J. Sept. 17, 2013) ("[A] party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations.") (citation omitted).

Take Plaintiff's FMLA claims, for example. Plaintiff first claims that Defendants violated the FMLA by retaliating against him for using family leave by excluding him from active shooter trainings and the PRIDE detail (*Count I*). (Compl. ¶ 48.) Plaintiff further avers that the DOC failed to advise him of his FMLA leave rights (*Count II*). (*Id.* ¶¶ 49-51.) To prevail on a retaliation claim under the FMLA, a plaintiff must prove that: (1) he invoked his right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of FMLA rights. *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009). Plaintiff has failed entirely to make a showing for his retaliation claim. For starters, the record is devoid of evidence that Plaintiff ever attempted to take or request FMLA leave when he would periodically take time off to care for his wife. Rather, discovery reveals the opposite: Plaintiff simply used the leave time he was allotted. (*See* Pl. Dep. Tr. 65:2-67:22, Def.'s Moving Br. Ex. A, ECF No. 59-6 (Plaintiff admitting that he used a combination of sick time, vacation time, and administrative leave time to help care for his wife and that he did not attempt to utilize any kind of family or medical leave during that time).) Indeed, discovery further reveals that Plaintiff had successfully used FMLA leave in the past for his own tonsil surgery, highlighting his familiarity with how to procedurally obtain this type of leave offered to DOC employees. (*Id.* at 68:11-70:8; 71:12-73:9; 75:13-77:11.) Because Plaintiff cannot show that he invoked FMLA leave, his second FMLA claim fails as well. *See Ross v. Gilhuly*, 755 F.3d 185, 191-192 (3d Cir. 2014) (explaining that a plaintiff must establish, as one element, that he gave notice to the defendant of his intention to take FMLA leave in order to state a FMLA-interference claim).

Plaintiff's remaining disability discrimination claims fare no better. As for his Rehabilitation Act claim (*Count III*), Plaintiff alleges that the DOC, which receives federal funds and was "[t]ainted by Lt. McClain's influence," discriminated against Plaintiff by excluding him from the training programs and PRIDE "based on his association and relationship with his disabled wife." (Compl. ¶¶ 52-56.) Plaintiff rests on this same basis of associational discrimination for his NJLAD claim (*Count IV*). (*Id.* ¶¶ 57-58.) It is true that courts have interpreted the Rehabilitation Act and NJLAD similarly in recognizing the viability of causes of action for discrimination based on a plaintiff's association with a member of a protected class. *See Calabotta v. Phibro Animal Health Corp.*, 213 A.3d 210, 221 (N.J. Super. Ct. App. Div. 2019) ("Although the NJLAD does not expressly set forth a cause of action for discrimination based upon a plaintiff's association with a member of a protected class, case law has recognized the viability of such an associational claim under the statute."); *Downs v. U.S. Pipe & Foundry Co.*, 441 F. Supp. 2d 661, 665 (D.N.J. 2006) ("In the absence of any contrary authority, this Court concludes that the New Jersey Supreme Court would hold that NJLAD bars employment discrimination based upon a person's association with a person with a disability."); *McCullum v. Orlando Reg'l Health-Care Sys., Inc.*, 768 F.3d 1135, 1142 (11th Cir. 2014) ("It is widely accepted that under . . . [the Rehabilitation Act], non-disabled individuals have standing to bring claims when they are injured because of their association with a disabled person."); *see also Guarneri v. Buckeye Pipe Line Servs. Co.*, 205 F. Supp. 3d 606, 614 (D.N.J. 2016) (outlining the elements of a prima facie case of disability discrimination). At the most basic level, however, someone cannot be motivated by a factor for which they are unaware. *See Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996) ("[D]isabilities are often unknown to the employer, and, because of that, the plaintiff must demonstrate that the defendant employer knew of the disability to state a prima facie case of unlawful discharge."); *Illingworth v. Nestle U.S.A., Inc.*, 926 F. Supp. 482, 488-90 (D.N.J. 1996); *see also George v. Rehiel*, 738 F.3d

562, 585 (3d Cir. 2013) ("The threshold requirement is that the plaintiff identify the protected activity that allegedly spurred the retaliation."). Here, Lt. McClain, whom Plaintiff alleges was responsible for the discrimination, testified that he did not know Plaintiff's wife had been in a car accident. (DSUMF ¶ 18; McClain Dep. Tr. 19:24-20:2; 21:11-17; 31:5-9, Def.'s Moving Br. Ex. B, ECF No. 59-6 (Lt. McClain explaining, among other things, that he first learned about the car accident during Plaintiff's deposition).) And the record is devoid of evidence to the contrary, or any evidence that Defendants subsequently took an adverse action against Plaintiff due to his association with his wife.

In sum, Plaintiff's procedural defects as well as the Court's holistic review of the discovery in this matter buttress the Court's conclusion that no genuine dispute of material fact exists as to any count. The Court finds, therefore, that summary judgment is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE